IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| **EBONY HOWARD,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 13-2851-SHL/tmp |
| | ) | |
| **ITT FEDERAL SERVICES** | ) | |
| **INTERNATIONAL CORPORATION,** | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

On October 29, 2013, plaintiff Ebony Howard, a resident of Tennessee, filed a complaint alleging that defendant ITT Federal Services International Corporation, a corporation headquartered in Colorado, discriminated against her on the basis of her gender and engaged in unlawful retaliation, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). (ECF No. 1.) Howard paid the civil filing fee, and she has been represented by counsel throughout this litigation. On March 13, 2014, the defendant filed a Motion to Dismiss or, in the Alternative, For Change of Venue. (ECF No. 6.) On October 17, 2014, the court entered an Order Granting Defendant's Motion to Dismiss and entered judgment dismissing the complaint without prejudice. (ECF Nos. 27 & 28.) On November 14, 2014, Howard filed a *pro se* notice of appeal. (ECF No. 29.) On that same day, she filed an *in forma pauperis*

application with the district court. (ECF No. 30.) The issue of whether Howard should be granted leave to appeal *in forma pauperis* has been referred to the undersigned Magistrate Judge. (ECF No. 31.)

Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a). See Callihan v. Schneider, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(1) provides that if a party seeks pauper status on appeal, he or she must first file a motion in the district court. The motion must include a supporting affidavit that demonstrates the party's inability to pay or to give security for fees and costs, claims an entitlement to redress, and states the issues that the party intends to present on appeal. Fed. R. App. P. 24(a)(1)(A)-(C). While Howard's *in forma pauperis* affidavit sufficiently demonstrates that she is financially unable to pay the appellate filing fee,[1] the affidavit does not include a claim of an entitlement to redress or state the issues that she intends to present on appeal. The *pro se* Notice of Appeal filed by Howard indicates that she is appealing the October 17 Order, but does not state the issues that she intends to present on appeal. See Howard

---

[1] According to her affidavit, Howard's spouse had worked for a temporary staffing agency but has since lost his job. Howard is receiving disability benefits, has no money in her bank accounts, owns no property, and her monthly expenses exceed her monthly income.

v. Huntington Nat'l Bank, No. 2:09-cv-251, 2010 WL 3743542, at *6 (S.D. Ohio Sept. 22, 2010) (finding that affidavit filed by plaintiff to proceed *in forma pauperis* on appeal was deficient because it did not identify issues he intended to present on appeal); Powell v. Alcoa High Sch., No. 3:10-cv-212, 2010 WL 3087383, at *1 (E.D. Tenn. July 20, 2010) (report and recommendation) (finding that, although plaintiff's affidavit satisfied subsection (A), plaintiff failed to satisfy subsections (B) and (C) of Rule 24 because affidavit and notice of appeal did not claim an entitlement to redress or identify issues to be presented on appeal). Howard's *in forma pauperis* application does not satisfy the requirements of Rule 24(a)(1), and on that basis, it is recommended that her motion for leave to appeal *in forma pauperis* be denied.

Even if Howard's affidavit and Notice of Appeal could be liberally construed as complying with Rule 24(a)(1), her motion should be denied for another reason. Subsections (3), (4), and (5) to Rule 24(a) provide that a party who was permitted to proceed *in forma pauperis* in the district court action may proceed on appeal *in forma pauperis* without further authorization unless the district court certifies that the appeal is not taken in good faith, in which case the party would be required to file the motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(3)-(5). This court has applied Rule 24(a)(3)'s good faith

certification in cases where the plaintiff paid the filing fee when he or she initially filed the complaint, i.e., where the plaintiff did not proceed *in forma pauperis* in the district court action. See Richardson v. Tennessee, No. 13-2482-JDT-dkv, 2014 WL 794365, at *2 (W.D. Tenn. Feb. 27, 2014); Taylor v. Memphis Area Legal Servs., No. 12-2467-JDT-tmp, 2014 WL 739915, at *1-2 (W.D. Tenn. Feb. 26, 2014); Lipson v. City of Jackson, Tenn., No. 11-cv-01117-JDB-egb, 2012 WL 2681821, at *4-5 (W.D. Tenn. July 6, 2012); see also Powell v. Alcoa High Sch., No. 3:10-CV-212, 2010 WL 3087387, at *3 (E.D. Tenn. Aug. 5, 2010). But see Howard, 2010 WL 3743542, at *6 (finding that Rule 24(a)(3) did not apply because plaintiff paid the requisite fee when he filed his complaint, and analyzing plaintiff's motion for leave to appeal *in forma pauperis* only under Rule 24(a)(1)). The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. Id.

The defendant argued in its motion to dismiss that Howard's claims should either be dismissed for improper venue or transferred to the United States District Court for the District of Colorado because the case does not satisfy the special venue provision of Title VII, 42 U.S.C. § 2000e-5(f)(3). In its Order Granting Defendant's Motion to Dismiss, the court found that this case does not meet any of the criteria of the venue statute because the

unlawful employment practice allegedly occurred in Afghanistan, the relevant employment records are either maintained in Afghanistan or Colorado, and if Howard had not been subjected to the alleged discrimination, she would have remained employed in Afghanistan. (ECF No. 27 at 1-2.) Because Howard failed to meet any of the criteria for venue under Title VII, and had not shown why it is in the interest of justice to transfer the case rather than dismiss, the court dismissed the complaint pursuant to 28 U.S.C. § 1406(a). The same considerations that lead the court to grant the defendant's motion to dismiss also support the conclusion that an appeal would not be taken in good faith.

Therefore, it is recommended that the court certify, pursuant to Fed. R. App. P. 24(a), that the appeal in this matter by plaintiff is not taken in good faith, and that the court deny leave to proceed on appeal *in forma pauperis*.[2] It is further recommended, should the court deny Howard leave to proceed on appeal *in forma pauperis*, that Howard be ordered to either pay the full appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days from the date the court adopts this

---

[2]This report and recommendation is filed pursuant to Woods v. Dahlberg, 894 F.2d 187, 188 (6th Cir. 1990) ("A district judge is free to refer a motion for pauper status to a magistrate [judge] and if the decision is to grant such a motion, the magistrate [judge] may enter such an order. If the decision is to deny, however, the magistrate [judge] must make such a recommendation to the district judge who will then take final action.").

recommendation.

    Respectfully submitted,

>  s/ Tu M. Pham
>  TU M. PHAM
>  United States Magistrate Judge
>
>  November 18, 2014
>  Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**